WILLOUGHBY J. ROTHROCK, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. WALTER THRASHER, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7781, 7782. Promulgated September 23, 1946.

*Stephen T. Dean, Esq.*, for the petitioners.
*William H. Best, Jr., Esq.*, for the respondent.

OPINION.

OPPER, *Judge* : As in *William H. Gross*, 7 T. C. 837, decided herewith, the question is the taxability as a gift of an interest in a newly created family partnership. Unlike that case, however, this record deals at length with circumstances tending to show that business considerations rather than family relationships dictated the result. There were no

valuable manufacturing tangibles or exclusive processes, products or trade names. The issue, as we see it, narrows to whether the prospective earnings of the sons were attributable purely to personal services, or partly to the contribution made by the existence and continuation of a going concern—in other words to a share in presently valuable business prospects, comparable to good will, which being the property of the old partnership was in some measure transferred to them as members of the new firm.

It is not requisite to put too fine a point upon the principle involved in that distinction. If in fact there were no future earnings inherent in the business itself, it matters little whether we say, as a matter of law, there was a gift, see *William H. Gross, supra,* but its value was so negligible as to eliminate it from practical consideration; or the value being absent, the consideration passing could not fail to be full and adequate; or, there being no existing vehicle for the transmission of future earnings in such a purely personal service business, cf. *Tinkoff* v. *Commissioner* (C. C. A., 7th Cir.), 120 Fed. (2d) 564; *Thomas M. McIntyre,* 37 B. T. A. 812, there was nothing which could be the subject of a gift. On any approach the result is identical.

Our interpretation of the evidentiary facts leads us to the ultimate finding that petitioners have borne their burden of showing that the business by itself possessed no substantial element of future earning power or good will, but that, on the contrary, its income was derived primarily from personal services, so that different participants with similar abilities, experience, and contacts could have organized a comparable venture and enjoyed a parallel success from their contribution of time, skills, and services. See, e. g., *Amalgamated Products Co.,* 12 B.T.A. 659. This factor, coupled with the proven capacity of the respective sons and the value to the business of their contributions, results in our inability to discover any gift of interests, tangible or intangible, direct or indirect, to which the tax could attach.

Respondent's determination seems to us to have been in error.

Reviewed by the Court.

*Decision will be entered for the petitioners.*